IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES C. MOSLEY,

    Petitioner,

v.

MICHAEL SHEET, Warden,

    Respondents.

CASE NO. 2:07-cv-01036
JUDGE GRAHAM
MAGISTRATE JUDGE ABEL

## OPINION AND ORDER

On September 2, 2008, the Magistrate Judge issued a *Report and Recommendation* recommending dismissal of the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 and denying petitioner request to amend the petition. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. For the reasons that follow, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Petitioner objects to all of the Magistrate Judge's recommendations. He again raises all of the same arguments he previously presented. Petitioner objects to the Magistrate Judge's recommendation of dismissal of his claims as procedurally defaulted. He states that he did raise a claim under *Blakely v. Washington*, 542 U.S. 296 (2004), on direct appeal; however, as discussed in the Magistrate Judge's Report and Recommendation, petitioner failed to file a timely appeal of the appellate court's June 20, 2006, decision denying his appeal to the Ohio Supreme Court, and the Ohio Supreme Court denied his motion for delayed appeal. Therefore, any claims raised on direct appeal are waived. *Bonilla v.*

*Hurley*, 370 F.3d 494, 497 (6th Cir. 2004).

Additionally, petitioner asserts, as cause for the procedural default of his claim of ineffective assistance of appellate counsel, that he did not receive a copy of the appellate court's November 30, 2006, denial of his application to reopen the appeal pursuant to Ohio Appellate Rule 26(B), and therefore was unable to timely appeal to the Ohio Supreme Court.

> In order to establish cause, a habeas corpus petitioner must show that "some objective factor external to the defense" prevented the petitioner's compliance with a state procedural rule.

*Bonilla v. Hurley, supra*, 370 F.3d at 498.  Petitioner has failed to meet this standard here. Further, exhibits attached to petitioner's traverse indicate that he received legal mail from the Clerk of the Franklin County Court of Common Pleas on December 8, 2006, *see Exhibit 18 to Traverse*, and before the time period had expired to file an appeal to the Ohio Supreme Court.

Finally, petitioner objects to the Magistrate Judge's denial of his motion to amend the petition with a claim that his due process rights were violated when the state court denied his motion for a new trial.  As cause for his failure to raise this claim on direct appeal, petitioner contends that the record establishes that he was unable to obtain documents establishing that he did not have custody of the victim during the time that the alleged rapes occurred until June 2007.  However, the record fails to support petitioner's argument.

Pursuant to 28 U.S.C. §636(b), this Court has conducted a de novo review of the Magistrate Judge's *Report and Recommendation*.  This Court has carefully considered the entire record, and all of the arguments presented.  For the foregoing reasons and for reasons detailed in the Magistrate Judge's *Report and Recommendation*, petitioner's objections are **OVERRULED**.  The *Report and Recommendation* is ADOPTED and **AFFIRMED**.  This action is hereby **DISMISSED**.

    **IT IS SO ORDERED.**

S/James L. Graham
JAMES L. GRAHAM
Date: Sept. 29, 2008                               United States District Judge